STATE of Iowa, Appellee,

v.

Steven Craig HESFORD, Appellant.

No. 58698.

Supreme Court of Iowa.

May 19, 1976.

Jon M. Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Des Moines, William G. Faches, County Atty., and Lew Eells, Asst. County Atty., Cedar Rapids, for appellee.

Submitted to REYNOLDSON, Acting C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

REES, Justice.

This appeal presents for our determination the sole question whether the use of a shotgun by the defendant against property, and not against a person, in the commission of the crime renders the defendant ineligible for a deferred sentence under the provisions of § 789A.1(1)(c), The Code.

Defendant Steven Craig Hesford, a resident of Cedar Rapids, owned a 12-gauge shotgun which he used for hunting purposes. On December 5, 1974, Hesford secured the gun at his residence, disassembled it and placed it in the trunk of a friend's car. Hesford was driven to the Steitzer Lincoln-Mercury dealership in Cedar Rapids. Upon arriving he took the gun from the trunk, reassembled it and shot one time into a lighted, unoccupied showroom, causing damage to a plate glass window. After shooting at the window, Hesford disassembled the gun and replaced it in his friend's car.

On December 24, 1974, Hesford was charged by county attorney's information with malicious injury to a building in violation of § 714.1, The Code. He pleaded guilty to the charge on February 6, 1975. As a result of plea negotiations, the State agreed not to resist Hesford's application for a deferred sentence, though the State would recommend a suspended sentence.

On March 21, 1975, Hesford filed written application for deferred sentence. In sen-

tencing proceedings the same day, the presentence investigator indicated she had no objection to the disposition sought by Hesford. Trial court, however, expressed the opinion Hesford was statutorily ineligible for a deferred sentence, since he had used a shotgun in the commission of the crime. Hesford was granted a continuance in order to prepare written legal argument for the proposition that Code § 789A.1(1)(c) did not render him ineligible for deferred sentencing.

On April 14, 1975, trial court ruled Hesford was ineligible for deferred sentencing because his use of the shotgun constituted a use of a dangerous weapon during the commission of the offense. Hesford petitioned this court for a writ of certiorari to test that ruling. By order of June 6, 1975, we denied the petition, noting Hesford could urge the question presented in an appeal from the final judgment.

Hesford received a suspended sentence July 15, 1975. He was ordered to make restitution for the damage to the building. He now appeals trial court's ruling that he was statutorily ineligible to receive a deferred sentence. We affirm.

I. The question before us is one of statutory interpretation. The statute in question is § 789A.1, The Code, 1975, which says in pertinent part:

"*789A.1 Deferred judgment or suspended sentence—probation.* The trial court may, upon a plea of guilty, verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, exercise either of the options contained in subsections 1 and 2. However, this section shall not apply to the crimes of treason, murder, or violation of section 204.401, subsection 1 or 2, to which section 204.409, subsection 2 is not applicable and which is not proved to be an accommodation offense under section 204.410.

"1. With the consent of the defendant, the court may defer judgment and place the defendant on probation upon such terms and conditions as it may require. Upon fulfillment of the terms of probation the defendant shall be discharged without entry of judgment. Upon violation of the terms, the court may enter an adjudication of guilt and proceed as otherwise provided.

"However, this subsection shall not be available if any of the following is true:
" * * *

"*c.* The defendant used, threatened to use or displayed in a threatening manner a dangerous weapon during the commission of the offense. 'Dangerous weapon' means any instrument or device designed primarily for use in inflicting death or injury upon a human being or other living creature, and which is capable of inflicting death upon a human being when used in the manner for which it was designed. 'Dangerous weapon' also includes any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon anyone and which, when so used, is capable of inflicting death upon a human being."

Defendant asserts trial court erred in holding that the above provision rendered defendant ineligible for deferred sentencing. Particularly, defendant claims:

(1) The sentence, "The defendant used, threatened to use or displayed in a threatening manner a dangerous weapon during the commission of the offense," was intended by the legislature to apply only in the case of crimes against persons; and

(2) The definitions of "dangerous weapon" contained in subsection 789A.1(1)(c) evince a legislative intent to require that an instrument or device be used or directed against a human being before it is considered dangerous under chapter 789A.

We consider these claims in reverse order.

■ We recently reiterated the following principles by which we undertake to determine a question of statutory interpretation. See *Kelly v. Brewer*, 239 N.W.2d 109, 113–114 (Iowa 1976). It is our respon-

sibility to ascertain and give effect to legislative intent. We must look to what the legislature said, rather than what it should or might have said. Words are given their ordinary meaning unless defined differently by the legislature or possessed of a peculiar and appropriate meaning in law. See also § 4.1(2), The Code, 1975. Effect is to be given the entire statute. No court, under the guise of judicial construction, may add words of qualification to the statute in question or change its terms. In *State v. Prybil*, 211 N.W.2d 308, 311 (Iowa 1973), we said that in our search for legislative intent, we consider the objects sought to be accomplished as well as the language used and place upon the legislation under scrutiny a reasonable construction which will best effect its purpose.

II. We perceive no merit in defendant's assertion that a shotgun must be used or directed against a human being before it is a "dangerous weapon" within the meaning of chapter 789A. For ease of reference we again set out the definitions in question from § 789A.1, supra:

"'Dangerous weapon' means any instrument or device designed primarily for use in inflicting death or injury upon a human being or other living creature, and which is capable of inflicting death upon a human being when used in the manner for which it was designed. 'Dangerous weapon' also includes any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon anyone and which, when so used, is capable of inflicting death upon a human being."

Defendant's contention with regard to the definitions of "dangerous weapon" tortures the plain meaning of the statute. It is clear that the legislature intended to include two classes of devices in its definition of "dangerous weapon" for purposes of chapter 789A. The first class, in which a 12-gauge shotgun is clearly included, embraces weapons which are dangerous without any reference to intent of defendants in using them. The second class includes this element of intent. Were we to accept defendant's argument, we would be forced to conclude that the first definition is mere surplusage in light of the second definition. We are unable to attribute such an intention to the legislature.

Defendant focuses on the phrase, " * * and which is capable of inflicting death upon a human being when used in the manner for which it was designed." He claims this excludes weapons which were not, in fact, directed against persons. We cannot agree with such an interpretation. The phrase focuses on capability, not actual use. We must agree with the State's contention the phrase excludes weapons which are not operable or not capable of inflicting death when used in the manner for which they are designed.

We agree with defendant that the second definition of "dangerous weapon" focuses upon the actual use of the particular weapon by the defendant at the time of commission of the offense. Unfortunately, our agreement is of no benefit to defendant. The second definition adds to, rather than supersedes, the first definition.

In short, we cannot agree with defendant's assertion that the definitions of "dangerous weapon" evince a legislative intent to require that a shotgun actually be directed against a human being in order that it fall within that definition for the purpose of chapter 789A.

III. Next we consider whether defendant "used, threatened to use or displayed in a threatening manner a dangerous weapon during the commission of the offense." Defendant asserts he did not, that the statute is directed only to use of a weapon against a person or "perceiver."

Defendant argues the verb "used" must be interpreted in the context of the sentence, and the statute, within which it is found. We agree, but do not reach the conclusion defendant urges.

Defendant points out that one may not threaten to use a dangerous weapon or display a dangerous weapon in a threatening manner without the presence of someone to

perceive the threat. He argues the sentence as a whole evinces an intent that only uses of a dangerous weapon against a perceiver preclude a defendant from eligibility for deferred sentencing. He further directs our attention to other provisions of § 789A.1, particularly § 789A.1(1)(a), (b), (d), and (e), which render ineligible for deferred sentencing defendants who are guilty of certain behavior in the commission of an offense, all of which behavior involve acts directed against persons rather than property. Defendant contends this implies a legislative intent to make deferred sentencing unavailable only to defendants committing crimes against persons.

We find these arguments insufficient to compel us to disregard what we perceive to be the plain, unambiguous language of the statute. In the sentence with which we are involved, the clause concerned with the use of a dangerous weapon during the commission of an offense is joined disjunctively with the two other mentioned acts. This being the case, we do not believe the clause is limited by the clauses following it. Furthermore, we are not persuaded that the legislature intended in § 789A.1 to deny deferred sentencing only to persons who used a dangerous weapon against a person. The use of a dangerous weapon in the commission of any crime might pose dangers with which the legislature was concerned. Certainly the discharge of a projectile into property would present serious dangers to the public, a fact of which the legislature would have been cognizant.

IV. Accordingly, we believe the language of the statute in issue is clear. We attribute to the language its ordinary meaning. If a change is desired, it must be accomplished by the legislature, not by the courts under the guise of construction. See *Kruck v. Needles*, 259 Iowa 470, 476, 144 N.W.2d 296, 300.

Trial court is affirmed.