623 P.2d 37

Thomas Martin RYAN, Petitioner-Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Transcon Freight Lines, Respondent-Employer,

Transport Indemnity Company, Respondent-Carrier.

No. 1 CA–IC 2392.

Court of Appeals of Arizona, Division 1, Department C.

Jan. 20, 1981.

O'Meara, Michela & Weber by Walter U. Weber, May P. Gin, Tucson, for petitioner-employee.

Calvin Harris, Chief Counsel, Phoenix, for Industrial Commission of Arizona.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. A. by David W. Earl, Phoenix, for respondent-employer and respondent-carrier.

## OPINION

O'CONNOR, Judge.

This is a special action brought to review an Industrial Commission award which determined it had no jurisdiction over petitioner's claim for Arizona benefits on the grounds that the petitioner was not hired in Arizona. We agree with the Commission's determination.

The facts are viewed in the light most favorable to sustaining the administrative award and the award must be sustained if reasonably supported by the evidence. *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972).

The petitioner is and has been a resident of Tucson, Arizona. He was injured in California while employed as a truck driver for respondent, Transcon Freight Lines. Petitioner filed a claim for workmen's compensation benefits in Arizona, which was denied by the administrative law judge. The administrative law judge's award denying jurisdiction was affirmed by the Industrial Commission on a request for review.

In April, 1978, petitioner was unemployed. He read an advertisement in a Tucson newspaper placed by Transcon for long distance truck drivers. The advertisement urged response to a toll free long distance telephone number at the Transcon headquarters in Oklahoma. Petitioner had worked occasionally as a temporary driver for Transcon's Tucson terminal, and he went to see the Transcon terminal manager in Tucson. The Tucson terminal manager telephoned the company headquarters in Oklahoma to confirm the advertisement, to inform the Oklahoma office of petitioner's interest in employment, and to give the manager's personal recommendation. The Tucson terminal manager had no authority to hire petitioner for the position, and, at the request of the Oklahoma office, he gave a form of application for employment to petitioner to complete and send to the Oklahoma office.

Petitioner completed the form, and then telephoned the Oklahoma office of Transcon about the application. A Transcon representative agreed to interview the petitioner and told him that if he personally brought the application to Oklahoma City he "would go to work sooner." At his own expense, petitioner went to Oklahoma City and kept his appointment to see the Transcon manager there. Petitioner delivered his written application and was asked to take a written test required by the Department of Transportation, a physical examination, and a driving test. Petitioner passed the tests and the physical examination, and began working for Transcon's Oklahoma office.

After petitioner's injury, his employer, Transcon, reported it to the Oklahoma Industrial Commission, and two weeks later petitioner began receiving benefits from Oklahoma. Upon petitioner's return to Arizona, after discharge from the hospital in California, he filed his claim for Arizona workmen's compensation benefits.

A.R.S. § 23–904(A) provides in part that:

> If a workman who has been hired . . . in this state receives a personal injury . . . he shall be entitled to compensation according to the law of this state even though the injury was received without the state.

In *Knack v. Industrial Commission*, 108 Ariz. 545, 547, 503 P.2d 373, 375 (1972), the court explained the purpose of the statute as follows:

> [It is] predicated on the benevolent social policy that residents of Arizona who may return after injuries to their homes in this state or whose families may reside in

Arizona need the protection of Arizona's laws. The workman or his family may become indigent and dependent upon welfare in Arizona if the workman is incapacitated or killed in an accident occurring while working for an employer outside of Arizona.

In the *Knack* case, both the employee and the employer believed the contract of employment had been entered into in Arizona, although the work was to be performed elsewhere. The court in *Knack* found that a bilateral contract of employment had been entered into in Arizona, thereby enabling the employee to obtain workman's compensation benefits in Arizona although he was injured in another state.

Petitioner also relies on *City Products Corp. v. Industrial Commission*, 19 Ariz. App. 286, 506 P.2d 1071 (1973), in which the court found the evidence sufficient to support a determination that the employee and the employer created in Arizona a bilateral contract of employment to be performed in California. The testimony in *City Products* established that the employer spoke to the employee in Arizona and asked him to be in El Centro, California, by a certain date to start work. The employee, who had worked for the same employer previously, said he would be there to start work and he subsequently did so. The employer testified he wanted to be sure he had a crew ready to work in El Centro on the date specified. There was no evidence that any interview, tests or examinations were necessary before the actual employment began.

By contrast, in this case the testimony disclosed:

BY THE HEARING OFFICER: Mr. Ryan, am I correct from the answers you have given and the testimony before me that you were aware of the fact that you were going to have to go to Oklahoma City for these tests, and so forth, before you would be driving a truck for Transcon?

THE PETITIONER: Yes. I knew I had to go through the physical and the D.O.T. tests.

No promise to hire the petitioner was communicated to him in the conversations which preceded his visit to Oklahoma. At best, he was assured of being interviewed and being allowed to take the tests and the physical examination. The situation is analogous to that in *Baker v. Industrial Commission*, 92 Ariz. 198, 375 P.2d 556 (1962), where the court held that even though the claimant had had preliminary discussions about employment, and had every expectation of being employed subject to receiving union clearance, no contract of employment was made until he arrived at the company office and received the union clearance.

Restatement of Contracts § 74 (1932) provides:

A contract is made at the time when the last act necessary for its formation is done and at the place where the final act is done.

Applying the *Restatement*, we agree with the finding of the administrative law judge that no contract of employment was made until petitioner was in Oklahoma.

Petitioner also contends that the administrative law judge erroneously found that petitioner's acceptance of workmen's compensation benefit checks from Oklahoma for a short time constituted an admission by petitioner that he was hired in Oklahoma, because Oklahoma law allows payment of benefits to employees injured outside of Oklahoma only if they were hired in Oklahoma. Because we have determined that the contract of employment was made in Oklahoma, it is not necessary to resolve the question of the effect of acceptance of Oklahoma benefits by petitioner.

The record amply supports the determination of the administrative law judge that the contract of employment was made in Oklahoma and that Arizona has no jurisdiction over the claim. Accordingly, the petition for special action is denied.

OGG, P. J., and EUBANK, J., concur.