**IOWA BEEF PROCESSORS, INC., Appellant,**

v.

**Lorine M. MILLER, and Iowa Industrial Commissioner, Appellees.**

No. 65428.

Supreme Court of Iowa.

Nov. 25, 1981.

E. S. Bikakis of Rhinehart, Bikakis & Associates, Sioux City, for appellant.

Harry H. Smith, MacDonald Smith and LeRoy J. Sturgeon of Smith & Smith, Sioux City, for appellee Miller.

Iowa Indus. Com'r pro se.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK, and SCHULTZ, JJ.

SCHULTZ, Justice.

In this appeal we must determine whether an employee who was hired, employed, and injured outside the State of Iowa, but at all relevant times was domiciled in Iowa, is entitled to Iowa workers' compensation benefits under section 85.71(1), The Code. The district court held that the employee is entitled to benefits. We reverse.

Plaintiff, Iowa Beef Processors, Inc. (IBP), is a Delaware corporation that has its principal place of business in Dakota City, Nebraska, and is licensed to do business in Iowa. In August 1972 defendant Lorine M. Miller, who at all times material to this appeal was a resident of Sioux City, Iowa, commenced employment with IBP at its Dakota City plant. All of the events surrounding Miller's application for and acceptance of employment took place in Nebraska, except that she applied for employment in response to an advertisement in a Sioux City newspaper. And all of Miller's job-related duties were performed in Nebraska, where she sustained an injury during the course of her employment in August 1978.

Pursuant to a claim processed under the Nebraska Workmen's Compensation Act, Miller began receiving benefits approximately one week after the date of her injury. In addition to hospital and other medical expenses, she received temporary total disability benefits of $155 per week for twenty-seven and three-sevenths weeks. The benefits, which totaled $4,251.42, were terminated on March 8, 1979.

On January 6, 1979, prior to the termination of benefits in Nebraska, Miller filed a petition for benefits under the Iowa Workers' Compensation Act, ch. 85, The Code. IBP filed a special appearance challenging, *inter alia*, the industrial commissioner's subject matter jurisdiction, which was overruled by a deputy commissioner. After a hearing the deputy commissioner filed an arbitration decision awarding benefits for a healing period and for permanent partial disability, subject to a credit for benefits received under the Nebraska Workmen's Compensation Act. IBP appealed to the industrial commissioner, who affirmed the arbitration decision. IBP then filed a petition for judicial review, and the district court affirmed the decision of the industrial commissioner.

Workers' compensation coverage for employees engaged in employment outside the state is governed by section 85.71, The Code, which provides in pertinent part:

> If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this chapter, provided that at the time of such injury:
>
> 1. His employment is principally localized in this state, that is, his employer has a place of business in this or some other state and he regularly works in this state, or if he is domiciled in this state . . . .

IBP maintains that under this statute there are insufficient contacts, involving the parties and employment contract, with the State of Iowa to give the industrial commissioner subject matter jurisdiction to apply the Iowa Workers' Compensation Act. It argues that a contrary interpretation of section 85.71(1) would: (1) render the provision unconstitutionally vague; (2) violate the full faith and credit clause of the United States Constitution; and (3) violate the due process clauses of the United States and Iowa Constitutions.

The industrial commissioner avoided these constitutional questions by concluding the agency was not authorized to decide them and ruled that domicile alone provided jurisdiction under section 85.71(1). Without stating any reasons, the district court affirmed the commissioner's interpretation of section 85.71(1) and held the provision to be constitutional.

■ On appeal IBP claims the district court erred in interpreting section 85.71(1) and in concluding that the provision as interpreted is constitutional. Since we consider constitutional issues on appeal only when another question is not decisive, *Ehlinger v. Mardorf*, 285 N.W.2d 27, 28 (Iowa 1979), we will first address the question of erroneous interpretation of the statute.

IBP stresses the background and history of section 85.71. It claims that this section, a 1973 amendment to the Workers' Compensation Act, *see* 1973 Session, 65th G.A., ch. 144, § 29, is merely a codification of the common law, even though it follows a recommendation of the National Commission on State Workmen's Compensation Laws, *see* Report of the National Commission on State Workmen's Compensation Laws R2.11 (1972), and was substantially patterned on language in the *Council of State Governments Model Act, Comprehensive Workmen's Compensation and Rehabilitation Law* § 7 (1963). *See* Dahl, *The Iowa Workmen's Compensation Law and Federal Recommendations*, 24 Drake L.Rev. 336, 351–52 (1975). IBP points out that none of these sources upon which the enactment is based grant subject matter jurisdiction solely on the basis of an employee's residence in the state.

Miller, however, claims that this court should give weight to the industrial commissioner's construction and application of section 85.71(1). She points out that the phrases "he regularly works in this state" and "if he is domiciled in this state" in the definitional portion of the subsection are separated by a comma and the disjunctive conjunction "or." She therefore maintains that the legislature intended Iowa domicile alone to constitute employment "principally localized in this state."

■ In our role of determining the meaning of statutes, the ultimate goal is to ascertain, and if possible, give effect to the intention of the legislature. *Janson v. Fulton*, 162 N.W.2d 438, 442 (Iowa 1968). In this endeavor we are aided by principles of statutory construction. We examine the language used in the statute and the purpose for which it was enacted. All parts of the statute are considered together, without giving undue importance to a single or isolated part. *Osborne v. Edison*, 211 N.W.2d 696, 697 (Iowa 1973). We then give a sensible and logical construction to the legislation; we avoid interpretations that produce strained, impractical, or absurd results.

*Telegraph Herald, Inc. v. City of Dubuque*, 297 N.W.2d 529, 532 (Iowa 1980). The manifest intent of the legislature prevails over the literal import of the words used. *Janson v. Fulton*, 162 N.W.2d at 443.

Applying these principles to section 85.-71(1), we first analyze the language and purpose of the provision. The express overall purpose of section 85.71 is to specify employees who are entitled to Iowa workers' compensation benefits for injuries sustained during employment outside the territorial limits of this state. The enacting clause of subsection (1) provides benefits for an employee whose "employment is *principally localized* in this state." (Emphasis added). The enacting clause is followed by an explanatory or definitional clause containing two requirements: "his employer has a place of business in this or some other state and he regularly works in this state, or if he is domiciled in this state."

■ An isolated, literal reading of the definitional clause would provide coverage based upon domicile alone, if the employer has a business in any state. We have often said that the legislature may be its own lexicographer, and that we are bound to follow its definitions, *State v. Di Paglia*, 247 Iowa 79, 84, 71 N.W.2d 601, 604 (1955), and may not add words or change terms under the guise of judicial construction. *State v. Hesford*, 242 N.W.2d 256, 258 (Iowa 1976). "If, however, the definitions are arbitrary and result in unreasonable classifications or are uncertain, then the court is not bound by the definitions." 1A C. Sands, *Statutes and Statutory Construction* § 20.08, at 59 (4th ed. 1972). Defining employment that "is principally localized in this state" to allow benefits to be based exclusively upon the domicile of the employee, with no part of the employment relationship either originating or performed in Iowa would, in our opinion, be arbitrary.

■ The principles of statutory construction discussed previously require us to consider all parts of a statute together. Thus, the definitional clause "or if he is domiciled in this state" must be construed with reference to the enacting clause's language of "employment [that] is principally localized in this state." The plain meaning of the enacting clause indicates that the employee must perform the primary portion of his services for the employer within the territorial boundaries of the State of Iowa or that such services be attributable to the employer's business in this state. "Domicile" means a person's permanent place of residence. Black's Law Dictionary 435 (5th ed. 1975). Domicile alone is inapposite to whether an employee's "employment is principally localized in this state."

■ The model act upon which section 85.71 was patterned, *see* Dahl, *supra*, at 351–52, defines principally localized employment:

· A person's employment is principally localized in this or another state when (1) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (2) if clause (1) foregoing is not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state;

*Council of State Governments Model Act, Comprehensive Workmen's Compensation and Rehabilitation Law* § 7(d)(4) (1963). Thus, under the model act employment is localized in a particular state when the employee regularly works in the state *or* is domiciled in the state *and* a substantial portion of the employee's working time is spent serving the employer in the state. Mere domicile alone does not confer coverage.

If the legislature, in patterning section 85.71 upon the model act, intended to provide Iowa workers' compensation benefits to employees who sustain injuries outside the state exclusively on the basis of domicile in this state, we do not believe it would have utilized the "employment is principally localized in this state" language in the enacting clause. Iowa domicile cannot rationally be equated with employment principally localized in Iowa. As previously mentioned, our rules of statutory interpretation

require us to avoid absurd and impractical results. Accordingly, we hold that domicile in Iowa alone is not sufficient to entitle an employee who has sustained an injury outside the state to benefits provided by the Iowa Workers' Compensation Act. There must be some meaningful connection between domicile and the employer-employee relationship. *Cf. Bashford v. Slater*, 252 Iowa 726, 731, 108 N.W.2d 474, 476 (1961) (Workers' Compensation Act dependent upon existence of employer-employee relationship).

Our holding is consistent with workers' compensation law throughout the United States: "The place of the employee's residence, although having a very real interest as a community which might have to support a disabled and uncompensated workman, has never either by judicial decision or statute been held entitled to apply its statute on the strength of the resident factor alone." 4 A. Larson, *The Law of Workmen's Compensation* § 87.60 (1979). Other courts have held their state workers' compensation legislation inapplicable when the employment contract was entered into, the employment performed, and the accident occurred outside the state. *See Ryan v. Industrial Commission*, 127 Ariz. 607, 623 P.2d 37 (Ct.App.1981); *Jerry v. Young's Well Service*, 375 So.2d 186 (La.Ct.App. 1979); *Crenshaw v. Chrysler Corp.*, 394 Mich. 513, 232 N.W.2d 166 (1975); *Wenzel v. Zantop Air Transport, Inc.*, 94 N.J.Super. 326, 228 A.2d 104 (Union County Ct.), *aff'd*, 97 N.J.Super. 264, 235 A.2d 29 (1967); *Ray v. Aetna Casualty & Surety Co.*, 517 S.W.2d 194 (Tenn.1974).

In the present case there is no meaningful link between Miller's domicile in Iowa and her employment relationship with IBP. The fact that Miller responded to an employment advertisement in an Iowa newspaper does not materially relate to her employment and is therefore insufficient to supply the necessary connection. *See Ryan*, 127 Ariz. at 609, 623 P.2d at 39 (no jurisdiction under Arizona compensation statute when Arizona resident responded to advertisement in Arizona newspaper and visited

employer's Arizona terminal, but was hired in Oklahoma and injured in California).

The question of how substantial the connection between domicile and the employment relationship must be to entitle an employee injured in another state to benefits under the Iowa Workers' Compensation Act need not be addressed in this appeal. However, the legislative intent underlying the enactment of section 85.71(1) requires an interpretation that is consistent with the model act.

Our construction of section 85.71(1) is determinative of this appeal. Accordingly, we do not reach the constitutional issues raised by IBP.

The judgment of the district court is reversed.

REVERSED.