**GEORGE H. WENTZ, INC., d/b/a Wentz Plumbing and Heating Co., Employer, and The St. Paul Insurance Company, Insurance Carrier, Appellants,**

v.

**Steven W. SABASTA, Claimant, and Robert C. Landess, Iowa Industrial Commissioner, Appellees.**

No. 67605.

Supreme Court of Iowa.

Aug. 17, 1983.

James E. Thorn, John M. French, and William R. Hughes, Jr., of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for appellants.

Harry H. Smith, MacDonald Smith, and LeRoy J. Sturgeon, Sioux City, for appellee Steven W. Sabasta.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

In this Iowa Code chapter 17A review of proceedings before the Iowa Industrial Commissioner, we must determine whether, under Iowa Code section 85.71, the commissioner properly awarded Iowa workers' compensation benefits to an employee injured outside the boundaries of Iowa. District court and court of appeals affirmed the commissioner's award. On further review, we vacate the court of appeals decision, and reverse that of the district court.

Employer, mechanical contractor George H. Wentz, Inc., is a Nebraska corporation with its principal place of business in Lincoln, Nebraska. Claimant Steven W. Sabasta, an asbestos worker, was at all pertinent times a resident of Sioux City, Iowa. In early April 1979, claimant contacted the business agent of Asbestos Worker's Local 57, headquartered in Sioux City, and was told a job was available at employer's work site in Sioux Falls, South Dakota. Claimant reported to employer's foreman at the Sioux Falls site, filled out income tax forms, and commenced work. April 26, 1979, claimant sustained personal injury during the course of his employment at the Sioux Falls jobsite. Employer had not engaged in any construction projects in Iowa during the five-year period prior to claimant's injury, and had no registered agent in Iowa at the time. Claimant had performed no services for employer within this state.

Pursuant to the Nebraska Workmen's Compensation Act, claimant was paid disability benefits of $155 per week for a period of forty-five weeks by employer and its insurer, The St. Paul Insurance Company. Employer and its insurer also paid claimant's hospital and medical expenses. Claimant suffers no permanent disability or impairment.

May 23, 1979, claimant petitioned for award of benefits under the Iowa Workers' Compensation Act, Iowa Code chapter 85. Appearing specially, the employer alleged the commissioner lacked subject matter jurisdiction over the claim and personal jurisdiction over employer, and that an award of Iowa workers' compensation benefits would constitute a deprivation of property without due process of law. A deputy commissioner overruled the special appearance, finding claimant's Iowa domicile sufficient basis for assertion of subject matter jurisdiction. Following arbitration, a deputy commissioner found personal jurisdiction over employer based on Iowa Code section 17A.12 notice provisions, and awarded claimant disability benefits of $265 per week for a period of forty-four and five-sevenths weeks. Employer appealed to the commissioner. Exercising a delegated authority pursuant to Iowa Code section 86.3, a deputy commissioner affirmed the arbitration decision. Employer's constitutional argument was not addressed by the agency on grounds it lacked authority to do so.

On employer's petition for judicial review, district court affirmed the agency's finding it had subject matter jurisdiction, and refused to strike down Iowa Code sections 17A.12 or 85.71 on employer's constitutional challenge. When the employer ap-

pealed, we transferred the case to the court of appeals. That court affirmed on grounds claimant's hiring in Iowa supported subject matter jurisdiction, and presence of an Iowa contract coupled with employer's designation of an Iowa business agent constituted sufficient conduct in the state to support assertion of personal jurisdiction.

▆ I. We recently summarized the scope of our review in workers' compensation cases as follows:

Our scope of review is limited by Iowa Code sections 17A.19 and .20. The commissioner's findings have the effect of a jury verdict, and we broadly apply them to uphold his decision. *Ward v. Iowa Department of Transportation,* 304 N.W.2d 236, 237–38 (Iowa 1981). The commissioner's determination of a question of law is entitled to careful consideration, but is subject to our review. *Id.* at 238; *McDowell v. Town of Clarksville,* 241 N.W.2d 904, 907 (Iowa 1976). We have a duty to correct the district court's errors of law as well. *Foods, Inc. v. Iowa Civil Rights Commission,* 318 N.W.2d 162, 165 (Iowa 1982); *Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429 (Iowa 1979); Iowa R.App.P. 4.

*Beier Glass Co. v. Brundige,* 329 N.W.2d 280, 282 (Iowa 1983). Because we address constitutional issues only when other grounds are not dispositive, *Iowa Beef Processors, Inc. v. Miller,* 312 N.W.2d 530, 532 (Iowa 1981); *Schmitt v. Iowa Department of Social Services,* 263 N.W.2d 739, 744 (Iowa 1978), we first address the issue of subject matter jurisdiction.

II. The industrial commissioner's subject matter jurisdiction over workers' compensation claims based on injuries sustained outside the state is governed by Iowa Code section 85.71:

If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this chapter had such injury occurred within this state, such employee,

or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this chapter, provided that at the time of such injury:

1. His employment is principally localized in this state, that is, his employer has a place of business in this or some other state and he regularly works in this state, or if he is domiciled in this state, or

2. He is working under a contract of hire made in this state in employment not principally localized in any state, or

3. He is working under a contract of hire made in this state in employment principally localized in another state, whose workers' compensation law is not applicable to his employer, or

4. He is working under a contract of hire made in this state for employment outside the United States.

District court affirmed the commission's finding of subject matter jurisdiction under section 85.71(1), based solely on claimant's domicile. Following the district court ruling in this case, however, we held in *Iowa Beef Processors, Inc. v. Miller* that Iowa domicile is insufficient to entitle a worker injured during the course of employment outside the state to Iowa benefits, absent some "meaningful connection between domicile and the employer-employee relationship." 312 N.W.2d at 534. On appeal, the parties thus narrow their arguments to the issue whether the requisite connection existed between claimant's domicile and their employer-employee relationship.

▆ Claimant's previous award of benefits under Nebraska workers' compensation law does not preclude award of benefits under our compensation law. In workers' compensation cases it is unnecessary to identify the jurisdiction with the greatest contacts and interest. The test is not whether Iowa's interest exceeds or excludes those of other states, but whether Iowa's interest is itself sufficient, based on analysis of our workers' compensation statutes. Any amounts awarded in this state, however, would be subject to credit to the extent of the award already paid under Ne-

braska law.[1]  *Director, Office of Workers' Compensation Programs, United States Department of Labor v. National Van Lines, Inc.,* 613 F.2d 972, 981 (D.C.Cir.1979), *cert. denied,* 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980); *Ryder v. Insurance Co. of North America,* 282 So.2d 771, 773–74 (La.Ct.App.1973); *Restatement (Second) of Conflict of Laws* § 182, comments a, b (1971); 4 A. Larson, *The Law of Workmen's Compensation* § 85 (1982); 99 C.J.S. *Workmen's Compensation* § 22, at 148–49 (1958).

■ Extraterritorial operation of workers' compensation statutes is an area of considerable variation. Application of any particular state's workers' compensation act to injuries suffered outside the state is dependent on the language and policy of its statutes. 99 C.J.S. *Workmen's Compensation* at § 22, at 144; *Restatement (Second) of Conflict of Laws* at § 181, comment b. Although we apply our statute broadly, we nonetheless are bound by its requirements. *Halstead v. Johnson's Texaco,* 264 N.W.2d 757, 759 (Iowa 1978).

Court of appeals ruled claimant's contract of employment was consummated through hiring in Iowa, and relied on *Haverly v. Union Construction Co.,* 236 Iowa 278, 18 N.W.2d 629 (1945), in affirming district court's jurisdictional ruling. In *Haverly* this court held making of an employment contract in Iowa would support award of Iowa benefits despite occurrence of the injury during employment performed entirely outside the state. 236 Iowa at 284–90, 18 N.W.2d at 633–36. Court of appeals found no change in Iowa law since *Haverly,* because Iowa Code section 85.71 "does [not] address the issue . . . whether contracts of hire made by an Iowa resident for work principally localized in another state entitle a worker to protection under Iowa's workmen's compensation laws." Court of appeals deemed it unnecessary to decide whether claimant's employment was local-

ized in any state pursuant to Iowa Code section 85.71(2).

■ We think Iowa law on extraterritorial application of our workers' compensation act has changed since the *Haverly* decision, and the rule of that case no longer is valid. *Haverly* was based on the concept of implied acceptance by the parties of terms of the Iowa act, based on its "elective and contractual nature," 236 Iowa at 286–88, 18 N.W.2d at 634–35, and the place-of-contract theory of the first *Restatement of Conflict of Laws:*

> A workman who enters into a contract of employment in a state in which a Workmen's Compensation Act is in force can recover compensation under the Act in that state for bodily harm arising out of and in the course of the employment, although the harm was suffered in another state, unless the Act provides in specific words or is so interpreted as to apply only to bodily harm occurring within the state.

*Haverly,* 236 Iowa at 290, 18 N.W.2d at 635 (quoting *Restatement of Conflict of Laws* § 398 (1934)). *See generally* 4 A. Larson, *The Law of Workmen's Compensation* at § 87.31.

The Iowa Workers' Compensation Act no longer is elective. *Compare* Iowa Code §§ 85.3–.4 (1939) (acceptance presumed in the absence of written election to the contrary) *with* Iowa Code § 85.3 (1981) (every employer not specifically excepted shall participate). Moreover, the place-of-contract theory of the original *Restatement* has given way to a less dogmatic view of its significance. *Joseph L. Wilmotte & Co. v. Rosenman Bros.,* 258 N.W.2d 317, 325–26 (Iowa 1977); *see Restatement (Second) of Conflict of Laws* at § 181; *accord* 4 A. Larson, *The Law of Workmen's Compensation* at § 87.34, at 16–84. In *Joseph L. Wilmotte & Co.,* we explicitly noted the *Haverly* rule, but applied instead the "most

---

1.  The Nebraska Workmen's Compensation Act does not include "unmistakable language" which would preclude recovery through proceedings in another state based on full faith and credit principles. *See Industrial Commis-* sion *v. McCartin,* 330 U.S. 622, 628, 67 S.Ct. 886, 889, 91 L.Ed. 1140, 1144 (1947); *Landry v. Carlson Mooring Service,* 643 F.2d 1080, 1085 (5th Cir.1981); 4 A. Larson, *The Law of Workmen's Compensation* at § 85.

significant relationship" rule of the second *Restatement.* 258 N.W.2d at 325–26. This movement away from the strict contract view is reflected in the express provisions on extraterritorial coverage now contained in Iowa Code section 85.71.

▮ The purpose of Iowa Code section 85.71 is to identify those employees who are entitled to benefits under the Iowa act despite occurrence of an injury out of state. *Iowa Beef Processors, Inc.,* 312 N.W.2d at 533. If the circumstances of an employee's out-of-state injury fall outside each of the four subsections of section 85.71, no Iowa recovery will be permitted. *See id.* at 533–34; *Hubbs v. Sandia Corp.,* 98 N.M. 389, 392–93, 648 P.2d 1202, 1205–06 (Ct.App.), *cert. denied,* 98 N.M. 478, 649 P.2d 1391 (1982). Iowa Code section 85.71 is based on language found in section 7 of the model Workmen's Compensation and Rehabilitation Law drafted by the Council of State Governments. *Iowa Beef Processors, Inc.,* 312 N.W.2d at 532; H. Dahl, *The Iowa Workmen's Compensation Law and Federal Recommendations,* 24 Drake L.Rev. 336, 352 (1975); *see Council of State Governments Model Act, Comprehensive Workmen's Compensation and Rehabilitation Law* § 7 (1963). The primary focus under the model act, and Iowa Code section 85.71, is on the jurisdiction where the employee's employment is "principally localized." *See* Iowa Code section 85.71(1); *Council of State Governments Model Act* at § 7(1). The place of contract or hiring becomes significant only when the employment is not principally localized in any state, the law of the state where the employment is principally localized is not applicable to the employer, or the employment is outside the United States. *See* Iowa Code § 85.71(2)–(4); *Council of State Governments Model Act* at § 7(a)(2)–(4). Permitting recovery of Iowa benefits based solely on a showing the contract of hire was made in Iowa, following *Haverly,* would render nugatory the additional requirements of subsections 85.71(2), (3) and (4) of the act. *See United Pipeline Construction Co. v. Kaelin,* 602 S.W.2d 176, 178 (Ky.Ct.App.1980) (where Kentucky contract was undisputed, question became

whether employment was not principally localized in any state, under counterpart of Iowa Code section 85.71(2)); *Interstate Carriers Cooperative v. Workmen's Compensation Appeal Board,* 66 Pa.Commw. 288, 291–92, 443 A.2d 1376, 1377–78 (1982) (finding Pennsylvania contract *and* lack of principal localization under counterpart of Iowa Code section 85.71(2)). We should avoid constructions that render part of a statute superfluous. *Iowa Auto Dealers Association v. Iowa Department of Revenue,* 301 N.W.2d 760, 765 (Iowa 1981); *Iowa Department of Transportation v. Nebraska-Iowa Supply Co.,* 272 N.W.2d 6, 11 (Iowa 1978). We may not change the terms of a statute under the guise of construction. *State v. Hesford,* 242 N.W.2d 256, 258 (Iowa 1976); *Kelly v. Brewer,* 239 N.W.2d 109, 114 (Iowa 1976). *See generally* 2A C. Sands, *Sutherland Statutory Construction* § 46.06 (4th ed. 1973). We presume the legislature included every part of a statute for a purpose, and intended each part be given effect. *Nebraska-Iowa Supply Co.,* 272 N.W.2d at 11; *Goergen v. State Tax Commission,* 165 N.W.2d 782, 785 (Iowa 1969). We note some model act states have modified the provision corresponding to Iowa Code section 85.71(2) to incorporate the *Haverly* rule, *see* La.Rev.Stat.Ann. § 23:1035.1(b) (West 1983); Tenn.Code Ann. § 50–6–115 (1983), a course not taken by the Iowa legislature.

▮ Generally, the place a contract is formed is where the meeting of minds occurs, or where the final act necessary to form a binding contract takes place. *Burch Manufacturing Co. v. McKee,* 231 Iowa 730, 735, 2 N.W.2d 98, 101 (1942); 99 C.J.S. *Workmen's Compensation* at § 23, at 159. Contrary to court of appeals finding that claimant was hired in Iowa, pleadings before district court established claimant had been hired at the jobsite in South Dakota. Employer's petition so alleged in paragraph 1, all the allegations of which were admitted by claimant. This admission in claimant's pleadings, not amended or withdrawn, stands as conclusive proof of the location of the hiring. *Long v. McAllister,* 319 N.W.2d

256, 258 (Iowa 1982) (admission of plaintiff's entitlement to prejudgment interest held binding); *Smith v. Bitter,* 319 N.W.2d 196, 199 (Iowa 1982) (binding admission business was formed as partnership); *Welter v. Heer,* 181 N.W.2d 134, 136 (Iowa 1970) (admission of existence of oral contract held binding); 71 C.J.S. *Pleadings* § 59 (1951). Claimant and employer are bound by the admission, and court of appeals erred in finding otherwise. *Smith,* 319 N.W.2d at 199; *Hanson v. Lassek,* 261 Iowa 707, 711, 154 N.W.2d 871, 873 (1967).

■ III. Claimant's admission his hiring took place in South Dakota obviates any need to discuss applicability of Iowa Code subsections 85.71(2)–(4). Claimant may recover only if his employment was principally localized in Iowa, under subsection 85.71(1). Although our decision in *Iowa Beef Processors, Inc.,* renders erroneous the commissioner and district court findings of jurisdiction based solely on claimant's domicile, we will not disturb those rulings if sustainable on properly urged grounds. *Union Pacific Railroad v. Johnson,* 264 N.W.2d 796, 803 (Iowa 1978); *Hawkins/Korshoj v. State Board of Regents,* 255 N.W.2d 124, 127 (Iowa 1977); 5B C.J.S. *Appeal and Error* § 1786 (1958). We must determine whether a meaningful relationship existed between claimant's Iowa domicile and the employer-employee relationship. *See Iowa Beef Processors, Inc.,* 312 N.W.2d at 534.

In *Iowa Beef Processors, Inc.,* we held the claimant's response to an employer's advertisement in an Iowa newspaper did not constitute the requisite meaningful relationship. *Id.* at 534. Leaving open the question how substantial the relationship need be, we noted, but did not adopt, the model act definition:

A person's employment is principally localized in this or another state when (1) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (2) if clause (1) foregoing is not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such

other state; *Council of State Governments Model Act Comprehensive Workmen's Compensation and Rehabilitation Law* at § 7(d)(4) (1963).

*Id.* at 533. Based on the enacting clause of section 85.71(1), we ascribed to the legislature an intent that "the employee must perform the primary portion of his services for the employer within the territorial boundaries of the State of Iowa or that such services be attributable to the employer's business in this state," 312 N.W.2d at 533; *see Restatement (Second) of Conflict of Laws* at § 181, comment a ("a state where the employment is principally located ... is the State where the employee spends most of his time while on the job"), and observed this intent "requires an interpretation ... consistent with the model act." *Iowa Beef Processors, Inc.,* 312 N.W.2d at 534. We think the facts of this case illustrate the need for the threshold contained in section 7(d)(4)(2) of the model act. Claimant urges the requisite connection exists here on the basis of hiring provisions in employer's collective bargaining contract, employer's alleged reliance on availability of a pool of Iowa workers, and referral of claimant by his Sioux City union local. If these grounds are accepted as sufficient to meet the test of principal location, virtually every Iowa domiciliary who enters into an employment contract in Iowa will be able to claim Iowa benefits under the provisions of section 85.71(1). We decline to so construe section 85.71(1), for the same reasons we articulated in rejecting the rule of *Haverly v. Union Construction Co.* Moreover, finding a claimant's employment principally localized in Iowa based on the type of grounds asserted here creates the probability such employment will be principally localized in more than one state. Claimant's employment, if localized anywhere, was localized in South Dakota where employer maintained a jobsite and claimant performed services for employer. *See* Iowa Code § 85.71(1); *Council of State Governments Model Act* at § 7(d)(4)(1). Although the legislature clearly contemplated a claimant's employment may not be localized in any state, *see* Iowa Code § 85.71(2), we

think it similarly contemplated a claimant's employment may be localized in but one *principal* state. *See* Iowa Code § 85.71(3); *Council of State Governments Model Act* commentary; *Restatement (Second) of Conflict of Laws* at § 181, comment a.

To the extent employer's association's collective bargaining contract (with a local to which claimant did not belong) and alleged indirect reliance on a pool of Iowa workers indicate dependence on Iowa workers, the case is indistinguishable from *Iowa Beef Processors, Inc.,* where advertising by an employer with a work site located near the Iowa-Nebraska border would have supported the same contention. Claimant's local had an agreement with a contractor's association in which the employer was not a member. Claimant's referral by his local union in this case was no more materially related to his employer-employee relationship than the newspaper advertisement in *Iowa Beef Processors, Inc.* In neither instance were the employee's services attributable to business transacted in this state, nor was any portion of the employee's services performed here. We hold claimant's employment was not principally localized in Iowa, and the commissioner lacked subject matter jurisdiction to award claimant Iowa workers' compensation benefits under the provisions of section 85.71(1).

IV. Because subject matter jurisdiction is lacking, we need not address employer's contentions it possessed insufficient contacts in Iowa to constitutionally support assertion of personal jurisdiction, and the award therefore deprived it of property without due process of law. *City of Dubuque v. Telegraph Herald, Inc.,* 297 N.W.2d 523, 529 (Iowa 1980). We vacate the decision of the court of appeals, and reverse the judgment of district court.

DECISION OF COURT OF APPEALS VACATED; REVERSED.