372 N.W.2d 261 (1985)
MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Plaintiff,
v.
IOWA DISTRICT COURT FOR WOODBURY COUNTY, Defendant.
No. 84-1235.
Supreme Court of Iowa.
July 31, 1985.
*262 Joe Cosgrove, Sioux City, for plaintiff.
J. Allen Orr, Sioux City, for defendant.
Considered en banc.
McGIVERIN, Justice.
Plaintiff Mutual Service Casualty Insurance Company (hereafter Mutual) brings this certiorari action to review the defendant district court's order directing Mutual to proceed to arbitration pursuant to an arbitration provision contained in an insurance policy between Mutual and George and Linda Kourpias. We sustain the writ of certiorari.
I. Background facts and proceedings. The facts appear as follows. On February 25, 1983, George and Linda Kourpias and their minor daughter Jessica were involved in an automobile accident with an allegedly uninsured motorist. At that time the Kourpiases were policyholders under an automobile insurance policy issued by Mutual. This policy was in effect from January 11, 1983, to July 11, 1983, and provided the Kourpiases with uninsured motorist insurance as well as other coverage. The policy contained the following provision:
Arbitration: If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within thirty days, then upon request of the insured or the Company such third arbitrator shall be selected by a judge of a court of record in the county and the state in which such arbitration is pending. The arbitrators shall then hear and determine the question or questions so in dispute and the decision in writing of any two arbitrators shall be binding upon the insured and the Company, each of whom shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration. Unless the parties otherwise agree, the arbitration shall be conducted in the county and state in which the insured resides and in accordance with the usual rules governing procedure and admission of evidence in courts of law.
Relying on this provision, the Kourpiases sought arbitration as to the uninsured status of the other motorist involved in the February 25 accident, the liability of the motorist for the accident, and the damages, if any, they were entitled to recover from the motorist.
Mutual refused to participate in the selection of arbitrators or to take any other action relating to arbitration of the Kourpiases' claims. The Kourpiases filed suit in district court against Mutual, seeking a court order directing Mutual to proceed with arbitration pursuant to the arbitration agreement contained in the insurance policy. See Iowa Code § 679A.2 (1983). Mutual answered and maintained that the arbitration agreement contained in the policy was invalid and unenforceable under Iowa Code chapter 679A on Arbitration, which became effective on July 1, 1981, and specifically under subsection 679A.1(2)(a), which reads:
*263 679A.1 Validity of arbitration agreement.
....
2. A provision in a written contract to submit to arbitration a future controversy arising between the parties is valid, enforceable, and irrevocable unless grounds exist at law or in equity for the revocation of the contract. This subsection shall not apply to any of the following:
a. A contract of adhesion.
....
(Emphasis supplied.)
Mutual maintained that because the policy language relied upon by the Kourpiases concerned a future controversy, and was contained in a contract of adhesion (the automobile insurance policy), City of Cedar Rapids v. Northwestern National Insurance Company, 304 N.W.2d 228, 231 (Iowa 1981); Connie's Construction Co., Inc. v. Fireman's Fund Insurance Company, 227 N.W.2d 207, 210 (Iowa 1975), the arbitration agreement was invalid and unenforceable. Mutual moved for an order denying the Kourpiases' application for arbitration. See Iowa Code §§ 679A.2 and .15.
After hearing, the district court overruled Mutual's motion and entered an order compelling Mutual to proceed with arbitration pursuant to the arbitration provision of the insurance policy. See Iowa Code § 679A.2. Mutual petitioned this court for writ of certiorari, contending that the order was illegal and beyond the jurisdiction of the district court.[1] Iowa R.Civ.P. 306. Certiorari was granted.
II. Enforceability of the arbitration provision. The district court based its ruling on two independent rationales.
A. The first was based on Iowa Code subsection 679A.1(1), which reads, "A written agreement to submit to arbitration an existing controversy is valid, enforceable, and irrevocable unless grounds exist at law or in equity for the revocation of the written agreement." (Emphasis added.)
Comparison of subsection 679A.1(1) with subsection 679A.1(2)(a) shows that, while written agreements to arbitrate an existing controversy are generally enforceable, the enforceability of written agreements to arbitrate a future controversy is subject to an exception in the case of an adhesion contract. With respect to this difference, the district court decided that the characterization of a controversy as "future" or "existing" should be made with reference to the time arbitration is sought, rather than the time the contract containing the agreement to arbitrate future controversies is entered into. Under this reasoning, although the Kourpiases' claim was a future controversy at the time they bought their insurance policy with Mutual, their claim became an existing controversy when they sought to submit it to arbitration. Accordingly, the court held the arbitration provision in this policy to be enforceable pursuant to subsection 679A.1(1).
We agree with Mutual that this interpretation of the statute is incorrect. Acceptance of the district court's reasoning would render subsection 679A.1(2), dealing with future controversies, meaningless. Every "future controversy" would be transformed into an "existing controversy" as soon as arbitration was sought. We avoid statutory constructions that render part of a statute superfluous. George H. Wentz, Inc. v. Sabasta, 337 N.W.2d 495, 500 (Iowa 1983); Iowa Code § 4.4(2).
We believe that the characterization of a controversy as "existing" or "future" for the purposes of subsections 679A.1(1) and (2) must be made with reference to the time when the parties entered into their arbitration agreement. In this case, the Kourpiases' claim had not arisen at the time they purchased their insurance coverage for the period during which the claim arose. Their claim then necessarily was a "future controversy" within the meaning of subsection *264 679A.1(2). The district court erred in ruling otherwise.
B. Notwithstanding the applicability of subsection 679A.1(2) to this case, the district court provided an alternative rationale for its ruling. While recognizing that, under subsection 679A.1(2)(a), an arbitration agreement regarding a future controversy is unenforceable when contained in a contract of adhesion (such as an automobile insurance policy), the court ruled that the contract-of-adhesion exception should not be observed when the insured is the party seeking to enforce the arbitration provision. No authority was cited for that ruling. Mutual contends that this ruling is an erroneous interpretation of subsection 679A.1(2)(a). We agree.
Subsection 679A.1(2)(a) provides for a blanket exclusion, in cases involving contracts of adhesion, from the general rule of enforceability of written agreements to arbitrate future controversies. We note that the Uniform Arbitration Act, 7 Uniform Laws Ann. 1, upon which chapter 679A is based, could compel enforcement of agreements to arbitrate future disputes even though the agreement is contained in an adhesion contract, because it contains no adhesion contract exclusion. Therefore, the exclusion contained in subsection 679A.1(2)(a) cannot be regarded as inadvertent or otherwise ignored. It must be regarded as an expression of legislative intent to exclude controversies arising under contracts of adhesion from compulsory arbitration. Such exclusion was in fact recommended to the General Assembly by this court prior to the enactment of chapter 679A. See Litchsinn v. American Interinsurance Exchange, 287 N.W.2d 156, 161 (Iowa 1980) (Reynoldson, C.J., concurring specially).[2]
There is no language in the subsection 679A.1(2)(a) exclusion providing for an exception in cases where an insured seeks to compel an insurer to go to arbitration. Exceptions to statutory provisions are not to be implied. See State v. Rouse, 290 N.W.2d 911, 915 (Iowa 1980). The district court erred in construing subsection 679A.1(2)(a) to contain an exception applying to the present case.
Although the district court acted within its proper judicial function, it acted erroneously in interpreting the law so as to allow the Kourpiases to compel arbitration in this case. Therefore, the writ of certiorari is sustained. The case is remanded to the district court with instructions to grant Mutual's motion to deny the Kourpiases' application for arbitration.
WRIT SUSTAINED.
All Justices concur except REYNOLDSON, C.J., and HARRIS, SCHULTZ and CARTER, JJ., who dissent.
HARRIS, Justice (dissenting).
I dissent from Division IIB of the majority opinion and from the result. The legislature provided the exclusion under Iowa Code section 679A.1(2)(a) for the protection of victims of adhesion contracts. I cannot believe it was intended to provide an escape for the promulgators of such contracts.
It seems grossly unfair for an insurer to print and sell an arbitration provision and then escape it on the basis that its own bargaining power was disproportionately stronger than was the insured's.
I think the legislature intended the exclusion to prohibit only the stronger party to an adhesion contract from forcing arbitration *265 on the weaker party. On this basis, I would annul the writ.
REYNOLDSON, C.J., and SCHULTZ and CARTER, JJ., join the dissent.
NOTES
[1] Although an order staying arbitration proceedings or denying an application to compel arbitration is specifically made appealable by Iowa Code section 679A.17, it is unclear whether appeal may be had from an order compelling arbitration.
[2] This concurrence noted:

On October 15, 1979, this court issued a "Report of Action of the Supreme Court on the Report of the Cost of Litigation Study Committee" and forwarded it to the Senate Judiciary Committee and the House Judiciary and Law Enforcement Committee. We there said:
The court endorsed the recommendation of the Committee implementing the provisions of the Uniform Arbitration Act insofar as it applies to resolution of current and future disputes which the parties have voluntarily and knowingly agreed to submit to arbitration. Disputes under contracts generally regarded by courts as adhesion contracts should be excluded from mandatory arbitration.