648 P.2d 1202

**Marie O. HUBBS, Personal Representative for the Estate of Elsworth P. Hubbs, Plaintiff-Appellee,**

**v.**

**SANDIA CORPORATION, a Delaware Corporation, Defendant-Appellant.**

**No. 5689.**

Court of Appeals of New Mexico.

July 1, 1982.

Certiorari Denied Aug. 6, 1982.

390

Joe L. McClaugherty, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendant-appellant.

Clyde F. Worthen, Keleher & McLeod, P. A., Albuquerque, for plaintiff-appellee.

## OPINION

WOOD, Judge.

This interlocutory appeal involves the occupational disease law. There are two issues: (1) the bar to compensation on the basis of the last day worked; and (2) the bar to compensation on the basis of disease occurring outside of New Mexico. Statutory references are to the occupational disease law appearing in Chapter 52, Article 3, N.M.S.A.1978 (Original Pamph.) unless otherwise specifically noted.

### The Last Day Worked

Hubbs worked for defendant for a period of approximately twenty years. He last worked for defendant on March 31, 1970. His complaint, seeking compensation for occupational disease disablement, was filed November 30, 1979. Hubbs died August 7, 1980. The personal representative of his estate was substituted as plaintiff; there is no issue as to proper parties. The personal representative filed an amended complaint on February 2, 1981; disablement benefits were no longer sought, rather the amended complaint sought compensation for occupational disease causing death. The occupational disease alleged was a chronic leukemia resulting from exposure to radioactive materials.

The claim for death benefits filed February 2, 1981 (the amended complaint), was first asserted more than ten years after the last day that Hubbs worked for defendant, March 31, 1970. Defendant moved for summary judgment on the basis of § 52–3–10(C). It contends the trial court erred in denying this motion.

■ The statute has several time provisions which bar an occupational disease claim. There is no issue as to (1) timely filing of a claim for death benefits, §§ 52–3–16(E) and 52–3–42(C); or (2) the time of death after disablement, § 52–3–14(F).

Section 52–3–10 states:

B. There is imposed upon every employer a liability for the payment of compensation to the dependents of every employee in cases where death results from an occupational disease arising out of his employment, subject to the following conditions:

\*   \*   \*   \*   \*   \*

(3) no compensation shall be paid for death from silicosis or asbestosis unless the death results within two years from the last day upon which the employee actually worked for the employer against whom compensation is claimed except in those cases where death results during a period of continuous disablement from silicosis or asbestosis for which compensation has been paid or awarded, or for which a claim, compensable but for such death, is on file with the clerk of the district court, and in these cases compensation shall be paid if death results within five years from the last day upon which the employee actually worked for the employer against whom compensation is claimed;

(4) no compensation shall be paid for death from an occupational disease other than silicosis or asbestosis unless death results within one year from the last day upon which the employee actually worked for the employer against whom compen-

sation is claimed, except in those cases where death results during a period of continuous disablement from an occupational disease other than silicosis or asbestosis for which compensation has been paid or awarded, or for which a claim, compensable but for such death, is on file with the clerk of the district-court, and in these cases compensation shall be paid if death results within three years from the last day upon which the employee actually worked for the employer against whom compensation is claimed.

C. The time limits prescribed by this section shall not apply in the case of an employee whose disablement or death is due to occupational exposure to radioactive or fissionable materials, provided no compensation shall be paid in such a case unless such disablement or death shall occur within ten years from the last day upon which the employee actually worked for the employer against whom compensation is claimed.

The ten-year period of § 52–3–10(C) applies to the claim involving exposure to radioactive materials. This subsection provides for no compensation unless "disablement or death" occurs within ten years of the last day worked. Defendant contends the ten-year period between the last day worked and death applies independently of the ten-year period between the last day worked and disablement. On the basis that the death and disablement provisions apply independently, defendant contends that a disablement claim filed within the ten-year period may not be used to make a death claim timely when the death claim is filed after the ten-year period had elapsed. In support of this contention, defendant cites *Gonzales v. Sharp & Fellows Contracting Co.*, 48 N.M. 528, 153 P.2d 676 (1944), for the view that disablement and death benefits are separate and distinct.

Whether the death claim was barred depends upon statutory provisions; that a death claim is distinct from a disablement claim is not dispositive. The history of § 52–3–10 and its internal wording show that defendant's contention is not correct and that the death claim in this case is not barred by the ten-year provision.

What is now § 52–3–10 began with Laws 1945, ch. 135, § 10. The 1945 law was amended by Laws 1965, ch. 39, § 1 and by Laws 1973, ch. 239, § 4. The 1945 law had two subsections. Subsection (a) dealt with disablement; subsection (b) dealt with death.

Subsection (a) of the 1945 law stated three conditions when compensation was not to be paid for disablement: (1) where the injurious exposure occurred prior to passage of the occupational disease statute, (2) where a disablement, other than silicosis or asbestosis, did not occur within 120 days from the last day worked, and (3) special requirements where disablement resulted from silicosis or asbestosis. These subsection (a) provisions were continued by the 1965 law; subsection C, on which defendant relies, was added by the 1965 law. The "disablement" due to exposure to radioactive materials in subsection C applied only to one of the three conditions in subsection A; the condition in subsection A to which subsection C applied was the second condition. However, this second condition was eliminated by the 1973 law, compiled as § 52–3–10. This legislative history shows that since the 1973 amendment, subsection C has no application to any condition stated in subsection A.

Subsection (b) of the 1945 law stated four conditions when compensation was not to be paid for death: (1) where the injurious exposure occurred prior to passage of the occupational disease statute; (2) special provisions as to the number of work shifts where death resulted from silicosis or asbestosis; (3) time requirements relating to the last day worked where the death resulted from silicosis or asbestosis; and (4) time requirements relating to the last day worked where the death was from occupational disease other than silicosis or asbestosis. The four conditions of subsection (b) of the 1945 law were continued in the 1965 and 1973 amendments; subsection C applies to subsection B, which is the subsection appearing as § 52–3–10(B). The "disablement or

death" due to exposure to radioactive materials applies only to the fourth condition of subsection B. Our quotation of the statute, above, includes the third condition because the Legislature used similar language in the third and fourth conditions. The similarity of language used shows that the wording of the fourth condition was intentional and not a drafting lapse.

Section 52–3–10(B)(4) applies to death claims for occupational disease other than silicosis or asbestosis. This subsection states, generally, that death must result within one year from the last day worked. There is an exception to this general one-year requirement "where death results during a period of continuous disablement" and compensation (1) has been paid for disablement, (2) or has been awarded for disablement, (3) or a disablement claim had been filed with the district court clerk which would have been compensable "but for such death". If the exception applies, death must have resulted within three years from the last day worked.

The reference to "disablement or death" in § 52–3–10(C) is to the "disablement" and "death" discussed in § 52–3–10(B)(4). Section 52–3–10(C) substitutes a ten-year period for the time requirements of § 52–3–10(B)(4). Under the exception in § 52–3–10(B)(4), if death results during a period of continuous disablement from occupational exposure to radioactive materials and a disablement claim, compensable but for the death, has been filed within ten years of the last day worked, the death claim is not barred because § 52–3–10(C) refers to disablement *or* death. The internal wording of § 52–3–10(B)(4) and (C) shows that "death" in these provisions cannot be read in total disregard of "disablement"; the trial court correctly denied defendant's motion for summary judgment which was based on § 52–3–10.

*Extraterritorial Disease*

Section 52–3–55 provides:

If an employee, while working outside the territorial limits of this state suffers an occupational disease on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by the New Mexico Occupational Disease Disablement Law had such disease occurred within this state, such employee, or in the event of his death resulting from such disease his dependents, shall be entitled to the benefits provided by this act [52–3–55 to 52–3–59 NMSA 1978], provided that at the time of such disease:

A. his employment is principally localized in this state;

B. he is working under a contract of hire made in this state in employment not principally localized in any state;

C. he is working under a contract of hire made in this state in employment principally localized in another state whose occupational disease disablement law is not applicable to his employer; or

D. he is working under a contract of hire made in this state for employment outside the United States and Canada.

Under this section, New Mexico benefits may be awarded for an occupational disease claim suffered outside of New Mexico if any one of requirements A, B, C or D are met.

Section 52–3–58(A) states:

A. A person's employment is principally localized in this or another state when:

(1) his employer has a place of business in this or such other state and he regularly works at or from such place of business; or

(2) if Paragraph (1) of this subsection is not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

Provisions similar to §§ 52–3–55 and 52–3–58 appear in the worker's compensation law as §§ 52–1–64 and 52–1–67, N.M.S.A. 1978.

Defendant assigned Hubbs to work in Nevada on December 1, 1962 and Hubbs worked for defendant in Nevada from December 1, 1962 until his retirement on March 31, 1970. An affidavit executed by

Hubbs states that he was exposed to radioactive materials throughout the time of his Nevada employment.

Defendant moved for summary judgment on the basis of § 52–3–55 and contends the trial court erred in denying this motion.

Defendant's showing was that the death claim did not come within requirements A, B, C or D.

As to requirement A, Hubbs' employment was not principally localized in New Mexico. During the time of Hubbs' work in Nevada, he was permanently assigned to work in Nevada at defendant's place of business in that state. This principal localization in Nevada, see § 52–3–58(A), is not changed by the fact that he made monthly trips to New Mexico for instruction and consultation, that he received his pay checks from New Mexico, and that health care benefits were handled in New Mexico.

As to requirement B, Hubbs' employment was principally localized in Nevada. Not only did Hubbs work regularly at defendant's place of business in Nevada, after his assignment to Nevada, Hubbs was a permanent resident of Nevada and a substantial part of his working time was in Nevada.

As to requirement C, during the time of Hubbs' Nevada employment, the occupational disease law of Nevada applied and coverage was provided under that law.

As to requirement D, Hubbs did not work outside the United States and Canada.

■ Defendant's showing was that plaintiff was not entitled to New Mexico death benefits for occupational disease under § 52–3–55. This, however, does not dispose of this issue. Section 52–3–55 refers to occupational disease "suffered" by Hubbs, an occupational disease that "occurred", a "time" of an occupational disease—all outside New Mexico. Under the showing made, and § 52–3–55, defendant was entitled to summary judgment, but only to the extent the occupational disease was suffered, or occurred, or its "time" was based on the exposure to radioactive materials in Nevada.

The amended complaint is not limited to exposure to radioactive materials in Nevada; the claim includes exposure to radioactive materials in New Mexico. The New Mexico portion of the claim has, at least, a factual question as to whether New Mexico exposure caused occupational disease. Section 52–3–32. In addition, the record before us contains no showing of any kind as to whether Hubbs had a disablement as a result of a New Mexico exposure. Section 52–3–4(A). Summary judgment was properly denied as to the portion of the claim based on New Mexico exposure.

Opposing this result, defendant seems to argue that there can be no recovery for a New Mexico exposure because the last injurious exposure occurred in Nevada. This contention disregards statutory language. The last injurious exposure rule, § 52–3–11, provides: "[T]he only employer liable shall be the employer in whose employment the employee was last injuriously exposed * *." Inasmuch as Hubbs was continuously employed by defendant for approximately the last twenty years of Hubbs' employment, defendant was the employer when Hubbs was last injuriously exposed, whether the exposure occurred in Nevada or New Mexico. Section 52–3–11 does not defeat the New Mexico portion of the claim.

The order denying defendant's motions for summary judgment is affirmed. However, on remand, the trial court is directed to enter a partial summary judgment in favor of defendant to the extent the New Mexico claim for death benefits is based on exposure to radioactive materials in Nevada.

Defendant is to bear its appellate costs. Section 52–3–28(B). No compensation having been recovered at this point, no attorney fees are awarded to plaintiff. Section 52–3–47(D).

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.