677 P.2d 635

Joan E. SHAW, Individually and as Next
Friend of Rhonda Shaw, Robert Shaw,
Jr., Michael Shaw and Marjorie Shaw,
Plaintiffs-Appellees,

v.

Joseph WARNER, III,
Defendant-Appellant.

No. 7456.

Court of Appeals of New Mexico.

Feb. 2, 1984.

Certiorari Denied March 1, 1984.

John E. Conway, Phyllis A. Dow, Mont-
gomery & Andrews, P.A., Albuquerque, for
defendant-appellant.

John Duhigg, Catherine Gordon, Duhigg & Cronin, Albuquerque, for plaintiffs-appellees.

## OPINION

WOOD, Judge.

Plaintiffs, the widow and minor children of Robert Shaw, Sr., assert that the worker's compensation law provides two separate and unrelated methods by which dependents (*see* NMSA 1978, § 52–1–17) may obtain compensation on the basis of the death of a worker. The specific contention is that NMSA 1978, Sections 52–1–31(B) and 52–1–46 each authorize compensation benefits for death, and that these two statutory provisions are unrelated. The argument is that legislation enacted since the decision in *Gonzales v. Sharp & Fellows Contracting Co.*, 51 N.M. 121, 179 P.2d 762 (1947), has not changed the part of that decision that held that dependents had two remedies. We disagree. Our discussion is in three parts: (a) the background of this appeal; (b) the relation of *Gonzales* to subsequent statutory provisions; and (c) death benefits under the current statute.

*Background*

■ This appeal is from the trial court's denial of defendant's motion to dismiss the plaintiffs' complaint. Defendant sought dismissal on the basis that the complaint failed to state a claim upon which relief could be granted. NMSA 1978, Civ.P.R. 12(b)(6) (Repl.Pamp.1980). For the purposes of this appeal, we consider the factual allegations in the complaint as true and decide whether plaintiffs can recover under those facts. *Bottijliso v. Hutchiuson Fruit Co.*, 96 N.M. 789, 635 P.2d 992 (Ct. App.1981).

Shaw suffered a compensable injury July 23, 1979, and obtained an award of compensation benefits after a trial on March 25–26, 1981. The judgment, filed April 29, 1981, awarded Shaw compensation benefits for total disability from August 3, 1979, to date of trial. The trial court found that Shaw's total disability was temporary and that total disability was expected to contin-ue for two years from the date of trial; the judgment awarded total disability benefits for two years from the date of trial.

The temporary total disability was, in part, based on a traumatic neurosis. The complaint alleged that as a result of traumatic neurosis, Shaw committed suicide on September 28, 1981. On the date of death the disability benefits awarded in the judgment of April 29, 1981, were being paid. Death, however, was more than two years after the accidental injury of July 23, 1979. Section 52–1–46.

On October 27, 1982, a motion was filed in Shaw's compensation case to compel the payment of compensation benefits. The motion was denied February 16, 1983. The denial was appealed. Our memorandum decision in *Shaw v. Contractors' Equipment & Supply Company*, (Ct.App.) No. 7089, filed April 5, 1983, recognized that the motion was "artfully ambiguous as to who is a plaintiff" and assumed that the motion was "a claim for compensation benefits by the widow and minor children." This assumption was based on NMSA 1978, Section 52–1–47(C) which provides that compensation benefits for the disability of Shaw ended at his death. We summarily affirmed denial of compensation benefits for the widow and children on the basis that their claim was not made within one year of Shaw's death. Section 52–1–31(B); *Selgado v. New Mexico State Highway Department*, 66 N.M. 369, 348 P.2d 487 (1960).

Defendant was the attorney for Shaw in the court proceedings resulting in the judgment of April 29, 1981. In June 1983, plaintiffs sued defendant for legal malpractice. The amended complaint alleged that the widow consulted defendant as her attorney.

The Defendant negligently advised the Plaintiff that she and her children had no right to compensation benefits and in reliance upon this advice the Plaintiff did not employ any other attorney or seek further legal advice until October of 1982 when the Plaintiff consulted other attorneys who filed claim on her behalf but

such claim was denied as being outside the one year Statute of Limitations provided by 52–1–31(B) N.M.S.A.1978.

The damages claimed in the malpractice complaint included claims for compensation, funeral benefits and attorney fees under the compensation act.

Defendant moved to dismiss the complaint on the basis that it failed to state a claim upon which relief could be granted. The motion alleged:

It is clear from the face of the Complaint in the applicable workmen's compensation law that plaintiffs were not entitled to any workmen's compensation as a result of the death of Robert Shaw, Sr. Therefore, there could have been no negligence on the part of defendant in advising the plaintiffs concerning same, and thus, the Complaint does not state a cause of action against defendant * *

Concerned with the relationship of *Gonzales v. Sharp & Fellows Contracting Co.* to our current statutes, the trial court denied the motion to dismiss. We granted defendant's application for an interlocutory appeal.

*Relationship of Gonzales to Current Statutory Provisions*

Section 52–1–46 states requirements for the payment of compensation benefits for death. It requires that the death proximately result from the accidental injury within two years following the accidental injury. Shaw's death did not occur in this time period. Plaintiffs do not claim that they could have recovered compensation under Section 52–1–46.

Since at least 1929, our compensation statute has required that death occur within a specified time following the accidental injury. *See* 1929 N.M.Laws, ch. 113, § 17. The applicable provision in *Gonzales v. Sharp & Fellows Contracting Co.* was NMSA 1941, Section 57–918. Section 57–918 required that death result from the injury within a one-year period. *Gonzales* was injured in 1939 and died in 1943. His widow could not recover death benefits under Section 57–918.

*Gonzales* held that the widow could recover compensation benefits on the basis of NMSA 1941, Section 57–913. Section 57–913 provided:

In case death of any workman who would himself have been entitled had such death not occurred, to recover from such employer on account of any such injuries under the terms hereof, claim may be filed therefor on behalf of his dependents as provided in section 8 [§ 57–917] * * * *

NMSA 1941, Section 57–917 required that the claim be filed within one year after the date of death. The claim in *Gonzales* was filed within one year of that death.

*Gonzales* held that Sections 57–913 and 57–917 "support the widow's contention that she and her four children have succeeded to the statutory benefits that had theretofore been awarded to her husband." Prior to death, Gonzales had been awarded 550 weeks of compensation and 343 weeks remained at the time of death. The *Gonzales* result was that the widow and children were entitled to receive the remaining 343 weeks of compensation awarded to Gonzales for his disability.

*Gonzales* held that recovery under Section 57–913 for disability benefits awarded prior to death was unrelated to death benefits under Section 57–918. The opinion stated that benefits under Section 57–918 were benefits in which the decedent never had an interest. The opinion stated that Section 57–913 "provides for the succession of property rights of a deceased person to his dependents, which prior to his death had been awarded to him personally * * " *Compare Cranford v. Farnsworth & Chambers Company*, 261 F.2d 8 (10th Cir. 1958).

This concept, of disability benefits awarded to a worker succeeding to his dependents, is no longer New Mexico law. Disability benefits do not continue after the death of the injured worker. Section 52–1–47(C). Plaintiffs do not claim they succeeded to the portion of the disability award to

Shaw which was unpaid at the time of his death.

Relying on *Gonzales*, plaintiffs contend they had two remedies upon the death of the worker. One remedy, not relied on in this case, was under Section 52–1–46, whose predecessor was Section 57–918. The other remedy was under Section 52–1–31(B), whose predecessor was Section 57–913. Recognizing that a successor to disability benefits theory was foreclosed by Section 52–1–47(C), plaintiffs assert that the "remedy" under Section 52–1–31(B) is a second method, under current statutes, to recover death benefits.

Plaintiffs' theory is that *Gonzales* held that Section 57–913 provided a remedy, that Section 52–1–31(B) is the current version of Section 57–913 and it also provides a remedy, and that the remedy in Section 52–1–31(B) is independent of Section 52–1–46. On the basis that two independent remedies exist by which to obtain death benefits, plaintiffs outline the differences between the two asserted remedies. For example, plaintiffs assert that to recover death benefits under Section 52–1–31(B) the claimant must comply with notice requirements, but that one can recover death benefits under Section 52–1–46 without notice because notice is not required. Another example is that under Section 52–1–46 death must proximately result from an accidental injury, but such is not required under Section 52–1–31(B).

The basic premise of plaintiffs is that the separate remedy that *Gonzales* found in Section 57–913 continues to exist in Section 52–1–31(B). "Since the *Gonzales* decision in 1947, the Legislature has not repealed § 52–1–31(B)." This is a false premise.

1957 N.M.Laws, ch. 246 enacted a new compensation law. This law repealed the three statutes discussed in *Gonzales*—Sections 57–913, 57–917 and 57–918. The provisions for benefits in case of death were not at all similar to Section 57–913. See 1957 N.M.Laws, ch. 246, §§ 23 and 26. This 1957 law was held to be unconstitutional in *State ex rel. Hovey Concrete Products Company v. Mechem*, 63 N.M.

250, 316 P.2d 1069 (1957). It was also held that the repealing provisions of the 1957 law were ineffective, thus keeping the old law in effect. *See* 63 N.M. 255, 316 P.2d 1069.

1959 N.M.Laws, ch. 67 amended certain provisions of the old law, repealed others and enacted new provisions. Sections 57–913, 57–917 and 57–918 of NMSA 1941 had been recompiled in NMSA 1953, but as recompiled, were repealed. *See* 1959 N.M. Laws, ch. 67, § 32. 1959 N.M.Laws, ch. 67, § 10 was a new section, not an amendment of Section 57–913. The "remedy" of Section 57–913 having been repealed, it does not exist unless the remedy was established by the new section.

Section 52–1–31(B) is the current version of the new section which was enacted in 1959. It reads:

B. in case of the death of a workman who would have been entitled to receive compensation if death had not occurred, claim for compensation may be filed on behalf of his eligible dependents to recover compensation from the employer or his insurer. Payment may be received or claim filed by any person whom the court may authorize or permit on behalf of the eligible beneficiaries. No claim shall be filed, however, to recover compensation benefits for the death of the workman unless he or someone on his behalf, or on behalf of his eligible dependents, has given notice in the manner and within the time required by Section 52–1–29 NMSA 1978, and unless the claim is filed within one year from the date of the workman's death.

This section authorizes a claim for benefits for the death of a worker. It is part of the same statute which enacted another new section, 1959 N.M.Laws, ch. 67, § 25, providing a basis for paying compensation benefits for death. The current version of this new section is Section 52–1–46.

Statutes are to be read as a whole, so that each provision may be considered in its relation to every other part. *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 568 P.2d 1236 (1977). Statutes are

also to be read in accordance with common sense and reason. *Westland Development Co. v. Saavedra,* 80 N.M. 615, 459 P.2d 141 (1969). Applying these concepts, the 1959 law which repealed Section 57–913 and which enacted new sections concerning death benefits, did not, as plaintiffs contend, provide two independent methods of obtaining death benefits. The two separate remedies discussed in *Gonzales* no longer existed under the 1959 law.

In so holding, we recognize that *Employers Mutual Liability Insurance Co. of Wisconsin v. Jarde,* 73 N.M. 371, 388 P.2d 382 (1963), stated that the 1959 law made no basic changes in how death benefits were to be paid and only made the contents of former Section 57–918 more manageable. However, this statement of no basic change did not refer to what is now Section 52–1–31(B). Other statements in *Jarde* suggest that notice requirements apply to any claim for compensation benefits and that any claim for death benefits must be filed within one year of the death. Our point, simply, is that *Jarde* does not support plaintiffs' claim of two unrelated methods of obtaining compensation for death.

Plaintiffs contend that the result we have reached is contrary to the "public policy" and the "primary purpose" of the statute, which is to pay compensation. They cite *Aranda v. Mississippi Chemical Corporation,* 93 N.M. 412, 600 P.2d 1202 (Ct.App.1979), which dealt with evidence of disability. The issue in this appeal involves the provisions of our statute. The plaintiffs' view that the statutory provisions should be bent to reach the result desired by plaintiffs is answered in *Lent v. Employment Security Commission of State of New Mexico,* 99 N.M. 407, 658 P.2d 1134 (Ct.App.1982).

*Death Benefits Under the Current Statute*

■ Our compensation statute provides only one remedy where the worker dies from injuries suffered in a compensable accident. That remedy is hedged with various requirements. We consider only the time requirements in this case. *Compare* *Hubbs v. Sandia Corporation,* 98 N.M. 389, 648 P.2d 1202 (Ct.App.1982). Under Section 52–1–31(B), the claim must be filed within one year of death. Under Section 52–1–46, death must have occurred within two years of the accidental injury.

■ Death not having occurred within two years of the accidental injury, defendant's advice to plaintiffs was not negligent. The motion to dismiss should have been granted. The trial court erred in denying the motion.

The order denying the motion to dismiss is reversed. The cause is remanded with instructions to grant the motion. Defendant shall recover his appellate costs.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.