Gerald Lee EWING,
Petitioner–Appellant,

v.

GEORGE A. HORMEL & CO. and Liberty Mutual Insurance Company,
Defendants–Appellees.

No. 87–1382.

Court of Appeals of Iowa.

June 29, 1988.

Robert L. Ulstad of the Ulstad Law Office, Fort Dodge, and Helmut Mueller of Hopkins & Huebner, Des Moines, for petitioner-appellant.

Tito W. Trevino, of the Trevino Law Firm, Fort Dodge, for defendants-appellees.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Judge.

Claimant, Gerald Lee Ewing, appeals the ruling of the district court sustaining the decision of the Industrial Commissioner that the agency did not have jurisdiction to determine and adjudicate the merits of Ewing's petition for benefits. We affirm.

Ewing was employed at the Fort Dodge, Iowa plant of George A. Hormel & Co. (Hormel) from 1969 until 1981, when Hormel gave notice the Fort Dodge plant would close effective June 1982. Ewing then accepted a transfer to Hormel's Fremont, Nebraska plant, effective November 2, 1981. Ewing maintained his domicile in Fort Dodge, but resided during the week at an apartment in Fremont with a fellow transferee. The transfer offer given Ewing was pursuant to the union contract at the Fort Dodge plant.

On January 12, 1982, Ewing allegedly injured his back at work at the Fremont plant. On January 18, 1983, he allegedly reinjured his back, again while working at the Fremont plant. Ewing then filed claims for workers' compensation benefits in both Nebraska and Iowa. In this state, the commissioner determined his agency lacked jurisdiction, pursuant to Iowa Code section 85.71, to reach the merits of Ewing's claim. The district court upheld this determination and this appeal followed.

Iowa Code section 85.71 provides:

If an employee, while working outside the territorial limits of this state, suffers an injury on account of which the employee, or in the event of death, the employee's dependents, would have been entitled to the benefits provided by this chapter had such injury occurred within this state, such employee, or in the event of death resulting from such injury, the employee's dependents, shall be entitled

to the benefits provided by this chapter, provided that at the time of such injury:

1. The employment is principally localized in this state, that is, the employee's employer has a place of business in this or some other state and the employee regularly works in this state, or if the employee is domiciled in this state, or

2. The employee is working under a contract of hire made in this state in employment not principally localized in any state, or

3. The employee is working under a contract of hire made in this state in employment principally localized in another state, whose workers' compensation law is not applicable to the employee's employer, or

4. The employee is working under a contract of hire made in this state for employment outside the United States.

*Id.* It is not disputed subsections (3) and (4) do not apply in this case. Ewing asserts there existed a sufficiently meaningful relationship between his employment in Fremont and his domicile in Fort Dodge so as to justify coverage under subsection (1). In the alternative, Ewing contends his employment was not principally localized in any state, justifying coverage under subsection (2).

Regarding subsection (1), our supreme court has held:

> [D]omicile in Iowa alone is not sufficient to entitle an employee who has sustained an injury outside the state to benefits provided by the Iowa Workers' Compensation Act. There must be some meaningful connection between domicile and the employer-employee relationship.

*Iowa Beef Processors, Inc. v. Miller*, 312 N.W.2d 530, 534 (Iowa 1981); *see also George H. Wentz, Inc. v. Sabasta*, 337 N.W.2d 495, 498 (Iowa 1983); *Orr v. McNair*, 386 N.W.2d 145, 148 (Iowa App. 1986). However, the court reserved the question of how substantial that connection must be to be "meaningful" and merely stated the interpretation of subsection (1) must be consistent with the model act. *Id.* The court had previously noted:

> [U]nder the model act employment is localized in a particular state when the employee regularly works in the state or is domiciled in the state and a substantial portion of the employee's working time is spent serving the employer in the state.

*Id.* 312 N.W.2d at 533.

In this case, all of Ewing's work was performed in Nebraska. The only connections his employment had with Iowa were his transfer to the Fremont plant was pursuant to the union contract at the Fort Dodge plant and the transfer papers were signed in Iowa. We find it significant the contract provided "[t]he terms and conditions of employment of the transferred employee at the plant to which he or she is transferred shall be governed in all respects by the Working Agreement at that plant," with the exception of certain benefits based on seniority. In short, Ewing's work was confined entirely to Nebraska and was to be performed solely under the rules at the Fremont plant. Under these circumstances, we conclude Ewing's employment was principally localized in Nebraska and not Iowa. We therefore determine Ewing has failed to show jurisdiction under either subsection (1) or (2).

AFFIRMED.